UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 06-14054-CR-GRAHAM/LYNCH(s)

UNITED STATES OF AMERICA,

  Plaintiff,

v.

JOSE GUERRA,

  Defendant.
_____/



FILED by _____ D.C.

AUG - 9 2007

CLARENCE MADDOX
CLERK U.S. DIST. CT.
S.D. OF FLA.

### REPORT AND RECOMMENDATION ON APPROPRIATENESS OF COUNSEL'S CJA VOUCHER FOR ATTORNEY'S FEES [VOUCHER #FLS 06 1357]

**THIS CAUSE** having come on to be heard upon the aforementioned CJA voucher and this Court having reviewed the voucher, the attachments and Mr. Rodriguez' letter of June 22, 2007 explaining why he believes the case is extended and unique, and this Court having been advised by counsel for the Defendant that he did not require a hearing on this matter, this Court recommends to the District Court as follows:

1. The maximum amount permissible under the statute, 18 USC §3006A, is $7,000.00 in attorney's fees. Counsel for the Defendant seeks reimbursement of $9,491.00 as reasonable attorney's fees at the hourly rate provided for based upon the Judiciary Appropriations Act of 2006, i.e., $92.00 per hour. Mr. Rodriguez also seeks reimbursement of $372.50 of costs.

2. This Court has reviewed the voucher as well as all of the attachments provided by Mr. Rodriguez in his application. Additionally, the CJA Voucher Administrator has previously reviewed these expenses and has adjusted them as reflected on the face

of the voucher.

3. Pursuant to 18 USC §3006A(d)(3), the maximum amounts may be waived if the Court makes a specific finding and certifies that the case was "extended" or "complex". Extended is defined as a case requiring more time than the normal case. A complex case is defined as one involving facts unusual so as to justify expenditure of more time, skill and effort than normal.

4. The underlying case involved a multi-defendant Indictment. The Defendant Guerra was charged in what appears to be four counts of the Indictment. The Defendant Guerra ultimately entered a plea of guilty to Count Fifteen which was the conspiracy to possess with intent to manufacture or distribute one hundred or more marijuana plants.

5. The Defendant appeared before this Court on September 20, 2006 for his initial appearance. Counsel for the Defendant was appointed on that date pursuant to the Criminal Justice Reform Act. The Defendant was released on a personal surety bond on September 22, 2006. The Defendant was arraigned on the charges on September 29, 2006. There were no pretrial motions filed by the Defendant.

6. There were six discovery responses filed by the government in this case. This Court does view there to be significant discovery for Mr. Rodriguez to have reviewed in this case. However, the discovery in and of itself does not make this case complex nor extended.

7. The case was resolved by entry of a guilty plea on March 20, 2007. The Defendant was thereafter sentenced by the District Court on June 8, 2007.

8. This Court appreciates the representation that Mr. Rodriguez has provided to the Defendant Guerra. However, the pertinent case law controls this situation where

2

counsel seeks to have the statutory maximum amounts waived. This Court cannot in good conscience classify this case as complex nor extended. See United States v. Perez, 2007 WL 788879 (S.D. Fla. 2007) and United States v. Bridges, 2007 WL 988866 (S.D. Fla. 2007).

9.  This Court has made an independent review of the attachments to the CJA motion and finds that the time spent is reasonable. Further, the reimbursement of expenses for mileage back and forth to Fort Pierce is appropriate in light of the nature of the case and the court appearances involved.

10.  The attorney's fees sought by Mr. Rodriguez exceed the statutory maximum permitted by law. As stated previously, in spite of the fact that Mr. Rodriguez' letter indicates that the case involved a conspiracy of over two dozen marijuana grow houses, it was not a complicated or complex case. This Court was familiar with the prosecution of this case from the time that the matters were initiated by sealed Complaint all the way through the time that the Defendant was sentenced by the District Court in this case.

11.  This Court will recommend that Mr. Rodriguez has not established just cause for a finding of this case to be extended nor complex. Therefore, he is limited to the recovery of $7,000.00 as reasonable attorney's fees as set forth in the statute together with the costs reimbursement for his mileage.

**ACCORDINGLY**, this Court recommends to the District Court that the CJA Voucher be **GRANTED** only insofar as Mr. Rodriguez shall be reimbursed $7,000.00 as reasonable attorney's fees together with costs in the amount of $372.50, for a total sum of $7,372.50.

The parties shall have ten (10) days from the date of this Report and Recommendation within which to file objections, if any, with the Honorable Donald L.

3

Graham, United States District Judge assigned to this case.

**DONE AND SUBMITTED** this _3rd_ day of August, 2007, at Fort Pierce, Northern Division of the Southern District of Florida.

FRANK J. LYNCH, JR.
UNITED STATES MAGISTRATE JUDGE

Copies furnished:
Hon. Donald L. Graham
Valentin Rodriguez, Esq.
Lucy Lara, CJA/Case Administrator

4